IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY N. PRYOR and<br>WARREN E. SPIVEY, JR., Individually<br>and on behalf of all others similarly situated,<br>Plaintiffs, | : <br> : <br> : <br> : | CIVIL ACTION |
| v. | : | |
| NATIONAL COLLEGIATE ATHLETIC<br>ASSOCIATION,<br>Defendant. | : <br> : <br> : | NO. 00-CV-3242 |

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of Plaintiffs' Motion for Reconsideration, and any response thereto, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that Plaintiffs' Motion is **GRANTED**.

BY THE COURT:

_____
Ronald L. Buckwalter, U.S.D.J.

Doc. #773692v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY N. PRYOR and<br>WARREN E. SPIVEY, JR., Individually<br>and on behalf of all others similarly situated,<br>Plaintiffs, | : <br> : <br> : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| NATIONAL COLLEGIATE ATHLETIC<br>ASSOCIATION,<br>Defendant. | : <br> : <br> : <br> : | NO. 00-CV-3242 |

## PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs, Kelly N. Pryor and Warren E. Spivey, Jr., individually and on behalf of all others similarly situated (hereinafter "Plaintiffs"), by and through their undersigned attorneys, hereby move this Court for reconsideration of its March 4, 2004, Opinion and Order (the "March 4th Opinion & Order") denying Plaintiffs' Motion for Class Certification (Docket No. 35).

Plaintiffs seek reconsideration of the Court's ruling regarding Plaintiffs' burden of proof in their pattern or practice intentional discrimination claims, as well as the Court's ruling denying Federal Rule of Civil Procedure 23(c)(4)(A) liability class certification to the extent that the denial was based upon the Court's burden of proof ruling. Those rulings are set forth in the Court's March 4th Opinion & Order. In support of their Motion for Reconsideration,
Doc. #773692v.1

Plaintiffs submit the attached Memorandum of Law, which is hereby incorporated by reference.

WHEREFORE, Plaintiffs request that this Court enter an Order, in the form attached hereto, granting Plaintiffs' Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**DB 915**
André L. Dennis
Danielle Banks
Megan P. Willoughby
STRADLEY, RONON, STEVENS
 & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000

Attorneys for Plaintiffs

2

Doc. #773692v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY N. PRYOR and<br>WARREN E. SPIVEY, JR., Individually<br>and on behalf of all others similarly situated,<br>Plaintiffs, | : <br> : <br> : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| NATIONAL COLLEGIATE ATHLETIC<br>ASSOCIATION,<br>Defendant. | : <br> : <br> : <br> : | NO. 00-CV-3242 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR RECONSIDERATION**

Plaintiffs, Kelly N. Pryor and Warren E. Spivey, Jr., individually and on behalf of all others similarly situated (hereinafter "Plaintiffs"), by and through their undersigned attorneys, hereby submit this Memorandum of Law in support of their Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania.

I. ARGUMENT

A. Legal Standard

Plaintiffs move this Court to reconsider its March 4, 2004, Opinion and Order (the "March 4th Opinion & Order") denying Plaintiffs' Motion for Class Certification based on the Court's error of law regarding Plaintiffs' burden to prove intentional discrimination as part of their claims under Title VI of the Civil

Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d, Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981") and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* ("Rehabilitation Act"). Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania permit a party to file a motion for reconsideration of a court's order. Fed. R. Civ. P. 59(e); E.D. Pa. R. Civ. P. 7.1(g). A court should grant a motion for reconsideration in instances when: "(1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact." *Wilson v. Halter*, No. 00-468, 2001 WL 410542, at *2 (E.D. Pa. April 18, 2001) (granting motion to reconsider reversal of Administrative Law Judge's denial of Supplemental Security Income benefits to individual because substantial evidence existed to support Judge's disability findings), *aff'd sub nom. Wilson v. Massanari*, No. 01-2544, slip op. 2002 WL 130415 (3d Cir. Jan. 31, 2002); *see also Blue Mountain Mushroom Co., v. Monterey*, 246 F.Supp.2d 394, 399 (E.D. Pa. 2002) (granting motion to reconsider entry of summary judgment to correct a clear error of law regarding Pennsylvania liquidated damages and because the court overlooked dispositive arguments); *Rinehart v. Mt. Penn Borough Mun. Authority*, No. 01-5628, slip op. 2002 WL 32341869 (E.D. Pa. Nov. 4, 2002) (granting motion to reconsider entry of summary judgment because court

Doc. #773692v.1

committed clear errors of law by not resolving every factual dispute and not drawing every reasonable inference in favor of non-moving party), *on reconsideration in part* slip op. 2002 WL 32341795 (E.D. Pa. Dec. 19, 2002).

This Court should review its denial of Plaintiffs' Motion for Class Certification under an abuse of discretion standard. In reviewing its original decision, a court should employ the same legal standard that was applicable in the proceedings from which the challenged judgment resulted. *Wilson v. Halter*, 2001 WL 410542, at *2 (conducting de novo review of dispositive motion). The grant or denial of class certification is reviewed under an abuse of discretion standard. *In re Linerboard Antitrust Litig.*, 305 F.3d 145, 149 (3d Cir. 2002), *cert. denied*, 123 S. Ct. 1786 (2003)(citing *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 165-166 (3d Cir.2001); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 756-757 (3d Cir.1974) (en banc)). A court should find that there was an abuse of discretion if the court's decision rested upon a clearly erroneous finding of fact or conclusion of law or an improper application of law to fact. *See Newton*, 259 F.3d at 165.

3

Doc. #773692v.1

### B. The Court's March 4th Opinion & Order Misallocating the Burden of Proof in This Pattern or Practice Intentional Discrimination Suit Must Be Corrected on Reconsideration

In denying Plaintiffs' request for certification of liability classes under Rule 23(c)(4)(A) in its March 4th Opinion & Order, the court stated that:

> I do not believe that plaintiffs can get around the argument that in order to establish liability, a plaintiff must prove by a preponderance of the evidence that as to him or her specifically, the defendant engaged in intentional discrimination. The [NCAA's] waiver process alone which permits a student athlete to seek a waiver of Proposition 16 would involve a multitude of different factual scenarios. **To be liable, a plaintiff would have to prove that his or her race or learning disability was a substantial reason for a denial of a waiver.**

March 4th Opinion & Order at 5 (emphasis added). Plaintiffs respectfully submit that, with this sweeping language, this Court misallocated the burden of proof in this pattern or practice intentional discrimination action and thereby committed an error of law, which error the Court can now set right upon reconsideration.

As this Court is well aware, with regard to these liability classes, Plaintiffs contend that the NCAA discriminates against them, and others similarly situated, because of race and because of disability with a single rule – the policy and/or practice embodied in Proposition 16. As recognized by the Supreme Court of the United States, in such pattern or practice discrimination cases, plaintiff must show that the defendant had a policy, practice, or pattern of discriminating against

a protected group and that he or she was a member of the protected group. *Int'l Broth. of Teamsters v. United States*, 431 U.S. 324, 336 (1977).

> According to the United States Court of Appeals for the Third Circuit:
>
> There can be little doubt that upon proof of an intentionally discriminatory plan or policy, a presumption that they were actual victims of the discriminatory policy inures to the benefit of the individual class members. *See Franks*, 424 U.S. at 771.

*Gavalik v. Cont'l Can Co.*, 812 F.2d 834, 860-61 (3d Cir. 1987) (footnote omitted)(Pattern or practice jurisprudence and burden shifting analysis applied to intentional discrimination claims under ERISA). The *Gavalik* court went on to note that once "the class representative has met the burden of persuasion on the ultimate issue in the case – whether the employer [defendant] intentionally discriminated against the class – **each individual member is presumptively entitled to relief.**" *Id.* at 861 n. 42 (emphasis added).

In *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 751 (1976), plaintiffs proved that defendant had "engaged in a pattern of racial discrimination in various company policies, including the hiring, transfer, and discharge of employees." Despite this showing, the trial court denied seniority relief to certain members of the class because not every individual had shown that he was qualified for the job he sought and that a vacancy had been available. **The Supreme Court held that the trial court had erred in placing this burden on the individual**

5

**plaintiffs.** By "demonstrating the existence of a discriminatory hiring pattern and practice" the plaintiffs made out a *prima facie* case of discrimination against the individual class members; the burden therefore shifted to the employer "to prove that individuals who reapply were not in fact victims of previous hiring discrimination." *Id.* at 772.

In the *Teamsters* case, the Supreme Court described the impact of the *Franks* analysis on the remedial stage (the proposed "Phase II" in our case) of a pattern or practice intentional discrimination claim **where individual damages are at issue:**

> When the Government seeks individual relief for the victims of the discriminatory practice, a district court must usually conduct additional proceedings after the liability phase of the trial to determine the scope of individual relief. **The petitioners' contention in this case is that if the Government has not, in the course of proving a pattern or practice, already brought forth specific evidence that each individual was discriminatorily denied an employment opportunity, it must carry that burden at the second, "remedial" stage of trial. That basic contention was rejected in the Franks case. As was true of the particular facts in Franks, and as is typical of Title VII pattern-or-practice suits, the question of individual relief does not arise until it has been proved that the employer has followed an employment policy of unlawful discrimination. The force of that proof does not dissipate at the remedial stage of the trial. The employer cannot, therefore, claim that there is no reason to believe that its individual employment decisions were discriminatorily based; it has already been shown to have maintained a policy of discriminatory decisionmaking.**

> **The proof of the pattern or practice supports an inference that any particular employment decision, during the period in which the discriminatory policy was in force, was made in pursuit of that policy.** The Government need only show that an alleged individual discriminatee unsuccessfully applied for a job and therefore was a potential victim of the proved discrimination. As in *Franks*, **the burden then rests on the employer to demonstrate that the individual applicant was denied an employment opportunity for lawful reasons.**

*Teamsters*, 431 U.S. at 361-62 (citations and footnotes omitted, emphasis added).

In *Franks* and *Teamsters*, the Supreme Court acknowledged the propriety of shifting the burden of persuasion onto the defendant if it sought to avoid liability after proof of a discriminatory policy had been adduced. *See also Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 876-77 (1984)(Confirming *Franks* and *Teamsters* burden shifting analysis in pattern or practice intentional discrimination cases). In interpreting these cases, the Third Circuit has recognized that "placing the burden on the employer [defendant] 'to demonstrate that the individual [class] applicant was denied an employment opportunity for lawful reasons,'" is appropriate because "at this stage the ultimate burden of persuading the court that the employer [defendant] intentionally discriminated against the class has been carried." Thus, "no reason appears ... why the victim rather than the perpetrator of the illegal act should bear the [but for] burden of proof...." *Gavalik*, 812 F.2d at 863 (quoting *Franks*, 424 U.S. at 773 n. 32).

Doc. #773692v.1

The *Gavalik* court reasoned that:

> In sum, placing the 'but for' burden of proof on the employer [defendant] at this juncture honors the presumption that arises upon proof of a discriminatory policy that the individual class members were discriminated against in accordance with that policy, while affording the employer the opportunity to limit its liability upon proof that, as to certain class members, it would have reached the same decisions in the absence of the illegal motivation.

*Id.* (citing *Mt. Health City School District Bd. Of Educ.*, 429 U.S. 274, 287 (1977)).

As these cases make clear, once Plaintiffs here prove that the NCAA intentionally discriminated by way of Proposition 16, they will have carried their burden. Then, the burden of persuasion will shift to the NCAA to attempt to avoid individual liability to any class member, including the named Plaintiffs, by proving by a preponderance of the evidence that it would have reached the same decision absent the illegal motivation. As such, this Court's ruling to the contrary is in error and must be corrected by way of reconsideration.

As to the waiver process defense, these cases also make clear that the NCAA will have a heavy burden of proving that the process was not tainted by Proposition 16 – a burden that it will not be able to meet. Indeed, the jury's discrimination finding does not dissipate in the remedial phase but rather **proof of the pattern or practice discrimination supports an inference that any particular decision made during the period in which Proposition 16 was in**

8

**force, was made in pursuit of that policy.** Thus, with regard to the waiver process (and all other affirmative defenses), the NCAA must rebut the presumption of discrimination by a preponderance of the evidence. This burden lies with the NCAA, not with Plaintiffs, and this Court must correct its ruling misallocating the burden of proof.

> 1. **The Court's Ruling Denying Certification On Predominance Grounds Was Infected By the Burden of Proof Ruling**

The pattern or practice question predominates because it has a direct impact on every class member's effort to establish liability and in every class member's presumptive entitlement to relief. *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 699 (N.D. Ga. 2001). In the *Coca-Cola* case, the district court noted that:

> Under the Supreme Court's decision in *Int'l. Bhd. Of Teamsters v. United States*, 431 U.S. 324, 336 (1977), which establishes the method of proof in this case, the question of whether Coca-Cola engaged in a pattern and practice of discrimination is a linchpin that connects the claims of all class members. A finding that Coca-Cola engaged in such a pattern and practice would create a presumption that the Company discriminated against every member of the class.

*Coca-Cola*, 200 F.R.D. at 700. There, the court found that plaintiffs met Rule 23(b)(3)'s predominance requirement because that requirement "focuses on the

9

substantive aspects of class members' legal claims." *Id.* (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)).

Here, too, Plaintiffs' 23(c)(4)(A) liability classes meet the predominance requirement "precisely because of the 'significance' of common issues under the substantive law governing each class member's claim of discrimination." *Id.* As noted by the district court in the *Coca-Cola* case, the pattern or practice question thus "satisfies the predominance requirement of (b)(3)." That logic is sound and applies with equal force here. Once the appropriate burden is allocated, it becomes clear that Plaintiffs likewise meet the predominance requirement and that certification under Rule 23(c)(4)(A) should have been granted.

Finally, in discussing the Supreme Court's analysis of pattern or practice class actions and the bifurcation into liability and remedial phases of such actions, the Third Circuit acknowledged that:

> In *Teamsters* the Supreme Court considered charges that both the employer and the union had engaged in a pattern or practice of discriminatory conduct. **The Court again recognized two distinct stages in class action proceedings and articulated the requisite proof to be adduced at each stage. At the initial 'liability' stage, proof that the discriminatory policy actually existed is all that is required. '[T]he question of individual relief does not arise until [the 'remedial' stage, after] it has been proved that the employer has followed an employment policy of unlawful discrimination.'**

10

> **Finally, in Cooper v. Federal Reserve Bank of Richmond, the Supreme Court again gave recognition to the two-stage methodology.**

*Gavalik*, 812 F.2d at 859. Once Plaintiffs' burden is properly allocated, the logic and propriety of 23(c)(4)(A) liability certification are manifest. Simply put, once the Court corrects its burden of proof ruling, it must also correct its certification ruling – pattern or practice discrimination is the lynchpin that connects all class members' claims and that makes them particularly amenable to liability class treatment. Plaintiffs' motion for reconsideration must be granted.

### C. The Alternative Proof Framework Outlined by the Court of Appeals

Plaintiffs direct this Court to the strict scrutiny framework that the Third Circuit delineated in *Pryor v. NCAA*, 288 F.3d 548, 562-63 (3d Cir. 2002). Plaintiffs highlight that framework as an alternative to the Title VII pattern or practice paradigm, which was the basis of this Court's analysis in its March 4th Opinion & Order. Even corrected, this Court's pattern or practice analysis does not foreclose the alternative application of a strict scrutiny analysis.

The Third Circuit articulated the proof required for Plaintiffs' intentional discrimination claims:

> To prove intentional discrimination by a facially neutral policy, a plaintiff must show that the relevant decisionmaker (*e.g.*, a state legislature) adopted the policy at issue because of, not merely in spite of, its adverse effects upon an identifiable

11

> group. A mere awareness of the consequences of an otherwise neutral policy will not suffice. Once a plaintiff establishes a discriminatory purpose based on race, **the decisionmaker must come forward and try to show that the policy or rule at issue survives strict scrutiny, *i.e.*, that it had a compelling interest in using a race-based classification and this classification is narrowly tailored to achieve that compelling interest. Racial classifications, well intentioned or not, must survive the burdensome strict scrutiny analysis because absent searching judicial inquiry ... there is simply no way of determining what classifications are benign or remedial and what classifications are in fact motivated by illegitimate notions of racial inferiority simple racial politics.**

*Pryor*, 288 F.3d at 562 (citations and quotations omitted, emphasis added).

Like the burden-shifting paradigm set forth in *Teamsters*, 431 U.S. at 360, the strict scrutiny framework outlined by the Third Circuit in *Pryor* would permit Plaintiffs to establish that the NCAA intentionally discriminated against the Title VI and § 1981 classes of African-American student-athletes in Phase I: General Liability Class Trial and Punitive Damages Trial and proceed to Phase II to determine individual damages. In sum, once Plaintiffs demonstrate that Proposition 16 is in place because of its adverse effects upon African-American student-athletes, and if the NCAA cannot establish that it survives strict scrutiny, liability is established by Plaintiffs in the class.

Regardless of whether strict scrutiny or pattern or practice jurisprudence is applicable to this case, class certification under Rule 23(c)(4)(A) is appropriate and Plaintiffs' Motion for Reconsideration must be granted.

12

## II. CONCLUSION

For any or all of the foregoing reasons, Plaintiffs request that this Court enter an Order, in the form attached, granting Plaintiffs' Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**DB 915**
André L. Dennis
Danielle Banks
Megan P. Willoughby
STRADLEY, RONON, STEVENS
   & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000

Attorneys for Plaintiffs

13

Doc. #773692v.1

# **CERTIFICATE OF SERVICE**

I, Danielle Banks, hereby certify that on this 18th day of March, 2004, I caused a true and correct copy of the foregoing Plaintiffs' Motion for Reconsideration and accompanying Memorandum of Law to be served upon the following by hand delivery:

>David P. Bruton, Esquire
>Michael W. McTigue, Jr., Esquire
>DRINKER BIDDLE & REATH, LLP
>One Logan Square
>18th and Cherry Streets
>Philadelphia, PA 19103-6996

**DB 915**